THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARTEMIO GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-19-1035-R |
| | ) | |
| W&W-AFCO STEEL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is the Motion to Remand (Doc. No. 28) filed by Plaintiff Artemio Garcia. The response in opposition to the motion was filed by W&W Steel Erectors, LLC, which also purported to remove this action from the District Court of Oklahoma County, despite not being a party to the action. The basis for the filings by W&W Steel Erectors, LLC, is that Plaintiff incorrectly named W&W-AFCO Steel LLC as a Defendant, when it should have named W&W Erectors, LLC. (Doc. Nos. 1 and 31). Upon consideration of the parties' submissions, the Court finds as follows.

W&W Steel Erectors, LLC filed its Notice of Removal on November 12, 2019. (Doc. No. 1) asserting the existence of diversity jurisdiction.[1] The Notice of Removal asserts that both the named Defendant and W&W Steel Erectors LLC are limited liability companies whose ultimate majorities are owned by Allegheny Capital Corporation, which

---

[1] The Notice of Removal includes the following:
W&W Steel Erectors, LLC was the entity at the worksite on which the Plaintiff worked [when he was injured]. W&W-AFCO Steel LLC is a company that fabricates steel products and had no role in the installation at issue.
(Doc.No. 1, p.2, n. 1).

is organized under Delaware law with its principal place of business in New York. Defendants did not identify the other members of either LLC or their citizenship for purposes of diversity, asserting only that none is a resident of Texas, the state of Plaintiff's domicile. (Doc. No. 1, ¶ 8). Defendant's Corporate Disclosure indicates that both W&W Steel Erectors, LLC and W&W-AFCO Steel LLC are subsidiaries of WWSC Holdings, LLC, which apparently has two members, "Allegheny Capital Corporation (80%), a Delaware corporation, and WWSC Holdings Corp. (20%), a Delaware corporation." (Doc.No. 3). According to an email from defense counsel in response to inquiry by Plaintiff's counsel, WWSC Holding Corporation's principal place of business is Oklahoma City, Oklahoma. (Doc.No. 28-4). Accordingly, for purposes of diversity, WWSC Holding Corporation, and therefore W&W Steel Erectors and W&W-AFCO Steel LLC are both citizens of Oklahoma. Plaintiff contends that because W&W-AFCO Steel LLC, the named Defendant, was served prior to removal and is a citizen of Oklahoma for purposes of diversity, that removal was improper under the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2)("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

W&W Steel Erectors contends that it was clearly intended as the Defendant to this action because it was the entity on the jobsite in Texas at the time Plaintiff Garcia was injured and therefore it should have been named as Defendant and removal is proper. The Court disagrees.

Plaintiff is the master of his complaint and, within the confines of Rule 11 and any parallel state rules, free to chose whom to name as defendant. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). The Court is not free to disregard Plaintiff's choice, even if ultimately it proves unfruitful for him. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.").

Accordingly, the Court is left with the initial parties to this action, Plaintiff and the named Defendant W&W-AFCO Steel LLC, which is a citizen of Oklahoma for purposes of diversity jurisdiction. Thus, pursuant to the forum defendant rule set forth in § 1441(c), removal was not appropriate. W&W Steel Erectors LLC is not a Defendant to this action and therefore could not remove the action to this Court. Although W&W Steel Erectors LLC contends W&W-AFCO Steel LLC was improperly named, there is no argument that W&W-AFCO Steel LLC is not a distinct legal entity from W&W Steel Erectors LLC. W&W Steel Erectors LLC did not move in the District Court of Oklahoma County to intervene, nor did it request to be substituted as the defendant. Under 28 U.S.C. § 1441(a), removal may only be accomplished by a defendant, which W&W Steel Erectors LLC is not.

The Fifth Circuit Court of Appeals addressed a similar issue in *Jongh v. State Farm Lloyds*, 555 F. App'x 435 (5th Cir. 2014). Plaintiff Jongh sued Lloyds, "State Farm filed an answer, asserting that it had been 'incorrectly named' as Lloyds." *Id.* at 436. On this premise, and without seeking to intervene or to be substituted as a party, State Farm

removed the case to federal court. On appeal, although the plaintiff had not sought remand, he argued that the district court lacked subject matter jurisdiction because the removal was effectuated by a non-party. The Fifth Circuit concurred with the plaintiff, concluding "[t]he district court lacked the authority to disregard Jongh's choice to sue Lloyds, not State Farm, and assert diversity jurisdiction." *Id.* at 438. Citing its own precedent, the court noted, "a district court cannot 'create removal jurisdiction based on diversity by substituting parties.'" *Id.* (quoting *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006)). The Court concurs with the reasoning in *Jongh* and finds that removal by W&W Steel Erectors LLC was inappropriate.

In support of its contention that removal was proper, W&W Steel Erectors relies on *Pioneer Exploration, Ltd. v. Kansas Gas Service Co.*, No. 04-1335-WEB, 2004 WL 2931403 (D. Kan. Dec.17, 2004). In that case, the plaintiff named as defendant "Kansas Gas Service Company, a division of Oneok." There was a division of Oneok named Kansas Gas Service, and Oneok d/b/a Kansas Gas Service removed the action. There also existed Kansas Gas Service Company, whose sole purpose was licensing the trade name to Oneok. The court rejected the attempt to remand by the plaintiff, who like Mr. Garcia, cited the forum defendant rule. There, however, the named defendant was "non juridicial," it was a trade name used by Oneok, whereas here the named Defendant is a separate legal entity, although perhaps one without any liability to Plaintiff. The Court declines the recommendation to follow this holding.

Section 1447(c) permits the district court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.

§ 1447(c). The Supreme Court has stated:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005). The Tenth Circuit permits this court to award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *See Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011). The Court declines to award Plaintiff costs and fees herein.

For the reasons set forth herein, Plaintiff's Motion to Remand is GRANTED, but his request for costs and fees is denied.

**IT IS SO ORDERED** this 4th day of May 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE